UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR-0270(1) (PJS/JJK) |
| Plaintiff, | |
| v. | ORDER |
| DOUGLAS EARL LEITER, | |
| Defendant. | |

Douglas Earl Leiter, pro se.

Defendant Douglas Leiter was convicted of tax-related offenses after a jury trial at which he represented himself and relied mostly on tax-protester arguments. Leiter was sentenced to 121 months in prison and three years of supervised release. ECF No. 207. Leiter's conviction became final in September 2009, after his time to appeal expired. *See Fletcher v. United States*, 858 F.3d 501, 504 (8th Cir. 2017). Leiter did not challenge his conviction or sentence under 28 U.S.C. § 2255. Leiter was recently released from prison and is now serving his three-year term of supervised release.

This matter is before the Court on Leiter's motion under 18 U.S.C. § 3583 challenging most of the conditions of his supervised release. Much of Leiter's motion is devoted to arguing that the Court erred in rejecting his numerous challenges to his criminal prosecution. Because Leiter's conviction became final many years ago, however, it is far too late for Leiter to make such arguments. *See* 28 U.S.C. § 2255(f)

(imposing one-year statute of limitations on challenges under § 2255); Fed. R. App. P. 4(b)(1)(A) (2009) (allowing ten days for a defendant to file a notice of appeal in a criminal case). Even if it were not too late, the Court would reject Leiter's arguments, as they are as frivolous today as they were eight years ago.

As for his challenges to his supervised-release conditions, Leiter contends that they are only now ripe for review because, at the time that he filed his motion, his release (and therefore the enforcement of those conditions) was imminent. The Court recognizes that some support for Leiter's argument can be found in *United States v. Thomas*, 198 F.3d 1063 (8th Cir. 1999). The Court nevertheless holds that Leiter's challenges are untimely.

In *Thomas*, the defendant argued on direct appeal that a condition of his supervised release was unconstitutionally vague and fundamentally unfair. *Id.* at 1065. The Eighth Circuit declined to entertain the defendant's challenge, finding that it was premature. *Id.* The court reasoned that, during the defendant's nearly ten-year prison sentence, "any number of events may occur that would make the condition irrelevant." *Id.* Thus, the court concluded, "[u]ntil such time as the condition's enforcement is imminent, the dispute is only abstract." *Id.* The court went on to note that the defendant could move to modify the conditions and, if the defendant's supervised

release were later revoked, he would have "the opportunity for appellate review at that time." *Id.*

*Thomas* therefore could be read to suggest that at least some of Leiter's challenges to his supervised-release conditions are timely. For several reasons, however, the Court respectfully declines to follow *Thomas*:

First and most importantly, *Thomas* is inconsistent with numerous cases involving lengthy prison sentences in which the Eighth Circuit considered, on direct appeal, challenges that were materially indistinguishable from those raised in *Thomas*. *See, e.g.*, *United States v. Deatherage*, 682 F.3d 755 (8th Cir. 2012) (defendant sentenced to 70 months allowed on direct appeal to raise First Amendment challenge to conditions); *United States v. Schaefer*, 675 F.3d 1122 (8th Cir. 2012) (defendant sentenced to 97 months allowed on direct appeal to challenge conditions on ground that they infringed his constitutionally protected relationship with his children); *United States v. Stults*, 575 F.3d 834 (8th Cir. 2009) (defendant sentenced to 144 months allowed on direct appeal to challenge condition as unconstitutionally vague); *United States v. Choate*, 101 F.3d 562 (8th Cir. 1996) (defendant sentenced to 38 months allowed on direct appeal to challenge condition as overly broad); *United States v. Smith*, 972 F.2d 960 (8th Cir. 1992) (defendant sentenced to 51 months allowed on direct appeal to challenge condition of supervised release as infringing his right to father children).

Second, *Thomas* is in considerable tension with the fact that district courts are charged with making an individualized inquiry into the reasonableness and necessity of each condition of supervised release at the time of sentencing. *See Schaefer*, 675 F.3d at 1124. *Thomas*'s concern with avoiding "abstract" questions therefore seems misplaced; if a district court is obligated to make certain that a condition of supervised release is valid *at the time it is imposed*, why would an appellate court not have the same obligation on direct appeal? The issue is no more "abstract" for the appellate court than it is for the district court.

Third, the fact that circumstances might change while a defendant is in prison is a particularly odd basis on which to hold that a purely legal challenge of the type raised in *Thomas* is premature. Thomas's vagueness challenge—that is, an argument that a condition of supervised release was invalid *on its face*—is not affected by the passage of time. That challenge was, in fact, *more* concrete and amenable to decision on direct appeal than, say, an argument that a condition of supervised release is more restrictive than necessary under the circumstances. Yet the Eighth Circuit routinely considers the latter type of challenge on direct appeal, even in cases involving lengthy sentences. *See, e.g.*, *Stults*, 575 F.3d at 850 (defendant sentenced to 144 months allowed, on direct appeal, to challenge four conditions of supervised release on the ground that they constituted a greater deprivation of liberty than necessary).

Finally, *Thomas* makes it difficult to know how and when a defendant is supposed to challenge a condition of supervised release. As noted, *Thomas* seemed to suggest that the defendant's "opportunity for appellate review" would be after a revocation proceeding. *Thomas*, 198 F.3d at 1065. But in *United States v. Miller*, 557 F.3d 910 (8th Cir. 2009)—a decision issued ten years after *Thomas*—the Eighth Circuit held that a defendant *cannot* challenge the validity of his supervised-release conditions in a revocation proceeding and further noted that such challenges should be raised on direct appeal or in a "habeas corpus proceeding." *Id.* at 913. The *Miller* panel was apparently unaware that the *Thomas* panel had already held that such challenges cannot, in fact, be raised on direct appeal—at least where the defendant has received a lengthy prison sentence.[1] Likewise, a motion under 28 U.S.C. § 2255 is unlikely to be a suitable vehicle for challenging supervised-release conditions in cases involving even modestly long prison sentences. The applicable statute of limitations will normally dictate that such motions be brought at a time when the defendant's challenge would presumably still be considered premature under *Thomas*. Oddly, then, a motion under 18 U.S.C. § 3583(e)(2)—a provision permitting courts to "modify, reduce, or enlarge the conditions of supervised release"—appears to be the only way for a defendant to

---

[1]How long is unclear, which is another problem with *Thomas*. *Cf. United States v. Rideout*, 478 F. App'x 339 (8th Cir. 2012) (per curiam) (citing case holding that a defendant's constitutional challenge to his supervised-release conditions was ripe two years before his release from prison).

challenge the legality of a condition of supervised release, at least when the defendant has been sentenced to a long prison term. The Court has difficulty believing that the Eighth Circuit intended such a result.

For all of these reasons, then, the Court concludes that *Thomas* is inconsistent with Eighth Circuit precedent—including precedent that predates it—and therefore declines to follow the decision. *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (when panel opinions conflict, the earlier of the opinions must be followed, as it should have controlled the subsequent panels). Leiter should have challenged the validity of his supervised-release conditions on appeal or by way of a § 2255 motion. It is too late for Leiter to challenge those conditions now, eight years after they were imposed.

Even if Leiter's challenges were timely, however, the Court would reject them on the merits:[2]

---

[2]Even under the broadest possible reading of *Thomas*, it is clearly too late for Leiter to challenge the conditions of his supervised release on the ground that the Court failed to make individualized findings to support each challenged condition. Leiter could and should have raised such a challenge at sentencing and on direct appeal. *See United States v. Romig*, No. 00-355 (JRT), 2014 WL 1048390, at *2 (D. Minn. Mar. 18, 2014) (argument that conditions were unsupported by the sentencing record was not cognizable in a motion under 18 U.S.C. § 3583(e)(2)); *aff'd*, No. 14-2355 (8th Cir. Sept. 19, 2014); *cf. Deatherage*, 682 F.3d at 763 ("A general objection at sentencing to the substantive restriction imposed by a special condition is not enough to preserve an allegation that the court did not adequately explain its specific reasons for imposing the special condition."); *United States v. Thompson*, 653 F.3d 688, 694 (8th Cir. 2011)

(continued...)

*First*, Leiter challenges several conditions on the ground that they violate the Fourth Amendment's prohibition on unreasonable searches. Defendants under supervision have a diminished expectation of privacy, however, and suspicionless searches are generally permissible so long as the defendant had notice that he was subject to such searches. *See United States v. Jackson*, 866 F.3d 982, 985 (8th Cir. 2017) ("Given Jackson's diminished expectation of privacy as a supervised releasee, and the clear notice that his cell phone was subject to search, Jackson did not enjoy an expectation of privacy in his cell phone that society would recognize as legitimate.").

*Second*, Leiter challenges the prohibition on associating with other felons as vague and as violating his First Amendment right of association.[3] But the Court agrees

---

[2](...continued)
(considering, on direct appeal, defendant's challenge to court's failure to make individualized findings).

[3]The Court acknowledges that some of Leiter's vagueness challenges find support in recent Seventh Circuit cases. *See, e.g.*, *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015). These cases seem to be outliers, however, and the Court does not find them persuasive. For example, the Seventh Circuit's suggestion that the "association" condition be redrafted to instead prohibit "meet[ing], communicat[ing], or otherwise interact[ing] " with felons does not appear to render the prohibition either clearer or narrower. *See United States v. Speed*, 811 F.3d 854, 859 (7th Cir. 2016). If anything, a prohibition on any communication whatsoever with a felon would seem to be *broader* than a prohibition on association with a felon.

The Court also acknowledges that the Eighth Circuit has cited *Thompson* to support its finding that a condition requiring the defendant to provide "any requested financial information" was "hopelessly vague and overbroad . . . when no context is
(continued...)

with the Ninth Circuit that "conditions proscribing 'association' with a clearly defined group are not impermissibly vague." *United States v. King*, 608 F.3d 1122, 1128 (9th Cir. 2010). Likewise, the prohibition does not violate Leiter's First Amendment right of association. The Eighth Circuit has upheld far more onerous restrictions on a defendant's right to associate. *See Schaefer*, 675 F.3d at 1125 (upholding restriction prohibiting contact with defendant's children). Moreover, the prohibition in this case is not absolute; the probation officer can grant permission to Leiter to associate with other felons.

Leiter also contends that the prohibition is invalid because it does not include a scienter requirement. The Eighth Circuit has rejected similar challenges, however. *See United States v. Craig*, 642 F. App'x 632, 635-36 (8th Cir. 2016). Finally, Leiter contends that, insofar as the prohibition prevents him from having contact with his codefendants, it interferes with his right to resolve this matter through litigation or arbitration. As the Court has already explained to Leiter—many times—this is a criminal, not a civil,

---

[3](...continued)
provided." *United States v. Sherwood*, 850 F.3d 391, 397 (8th Cir. 2017). In *Sherwood*, however, the defendant was convicted of sexual abuse. *Id.* at 393. In vacating various financial conditions, the Eighth Circuit relied heavily on the fact that the financial conditions were unrelated to the offense. *Id.* at 396. That is not the case here; Leiter was convicted of tax-related crimes, which supplies the necessary context for the financial-disclosure condition. *Cf. United States v. Hart*, 829 F.3d 606, 609-10 (8th Cir. 2016) (upholding similar financial conditions where defendant committed assault after victim refused to give him money).

proceeding. ECF No. 146. Leiter's criminal convictions are final, and there is nothing left to be resolved with respect to them. Prohibiting Leiter from associating with his codefendants without the probation officer's permission therefore does not in any way interfere with Leiter's ability to defend against a criminal charge. For these reasons, the Court rejects Leiter's challenges to this condition.

*Third*, Leiter challenges several conditions on the ground that they violate his Fifth Amendment right against self-incrimination. This is not a ground on which a court will invalidate a condition of supervised release, however; instead, Leiter can assert the privilege in response to specific queries from his supervising probation officer. *See United States v. Manning*, 476 F. App'x 104, 105 (8th Cir. 2012) (per curiam) (rejecting generalized Fifth Amendment attack on supervised-release condition and noting that defendant would be free to assert privilege in response to particular questioning).

*Fourth*, Leiter challenges, as unconstitutionally vague, the standard condition requiring defendants to support their dependents and meet other family responsibilities. Leiter has never been married and has no children, however. *See* PSR ¶ 75. In the absence of any evidence that Leiter *has* a dependent, his challenge to this condition is academic.

*Fifth*, Leiter objects to the requirement that he perform up to 20 hours of community service if he does not find full-time, lawful employment. The Seventh Circuit has found invalid a condition requiring a defendant to perform "at least 20 hours of community service work per week" because it "placed no limit on the amount of community service that the defendant could be ordered to do." *Thompson*, 777 F.3d at 381. Leiter's condition—which authorizes the probation officer to require him to perform "up to" 20 hours of community service per week—provides the limit that was missing in *Thompson*. Moreover, there is nothing vague about this requirement, and if Leiter is later ordered to perform what he regards as too much community service, he can move for modification of his condition at that time.

Leiter also argues that requiring him to perform community service forces him into involuntary servitude in violation of the Thirteenth Amendment. Leiter's argument is refuted by the text of the amendment itself, which makes it clear that involuntary servitude *may* be imposed "as a punishment for crime whereof the party shall have been duly convicted . . . ." U.S. Const. Amend. XIII (permitting involuntary servitude); *see also Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987) (describing supervised release as a "form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty" (citations and quotations omitted)); *Jackson*, 866 F.3d at 985 ("We have said that supervised release is a . . . punishment . . . .").

*Sixth*, the Court rejects Leiter's challenges to the extent that they are based on absurd misreadings, such as his claim that the requirement that he notify the probation officer of any change in residence or employment will require him to provide "constant updates" concerning everything that happens at home or work. ECF No. 396 at 36; *see also id.* at 22-23 (purporting to be confused about the meaning of "lawful employment"); *id.* at 36-37 (expressing concern that he will have to notify every human being on Earth about the risks of associating with him).[4]

*Seventh*, the Court rejects Leiter's challenges to the constitutionality of standard conditions that the Eighth Circuit and other courts routinely uphold. *See United States v. Gresham*, No. 16-3524, 2017 WL 3142317, at *2 (8th Cir. July 25, 2017) (per curiam) (district courts may require, as a condition of supervised release, that a defendant reside or refrain from residing in a specified place); *United States v. Forde*, 664 F.3d 1219, 1224-25 (8th Cir. 2012) (rejecting vagueness challenge to condition prohibiting the defendant from entering establishments whose primary source of income is alcohol because the defendant could ask his probation officer whether a particular establishment violated the condition); *United States v. Phillips*, 704 F.3d 754, 767-68 (9th Cir. 2012) (rejecting

---

[4]To the extent that Leiter may be contending that the notification requirement is unconstitutionally vague, the Court disagrees. The condition requires Leiter to notify third parties of the risks posed by Leiter's criminal record "as directed by the probation officer . . . ." ECF No. 207 at 3. Because Leiter will have the benefit of his probation officer's direction, he will not need to guess at how to comply with this condition.

vagueness challenge to condition prohibiting defendant from frequenting places where controlled substances are illegally sold).

*Finally*, to the extent that Leiter challenges various conditions as overbroad and as imposing a greater deprivation of liberty than reasonably necessary, the Court disagrees.  Particularly in light of the fact that Leiter continues to deny that he committed a crime and continues to advocate the same tax-protester positions that led to his conviction (and to the convictions of several others who followed his advice), all of these conditions are reasonably necessary to ensure that Leiter remains law-abiding.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion to vacate, set aside, or amend his sentence pursuant to 18 U.S.C. § 3583 [ECF No. 396] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  October 11, 2017  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge